IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DERRICK CORNELIUS RHODES,<br>AIS # 219646, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-CV-1033-WKW |
| | ) | [WO] |
| VENCINI SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>ORDER</u>**

In September 2025, Petitioner Derrick Cornelius Rhodes filed the instant 28 U.S.C. § 2254 petition, his first petition seeking a writ of habeas corpus.  Petitioner challenges the constitutionality of his convictions and sentences for two counts of first-degree rape under Alabama Code § 13A-6-61 and two counts of first-degree sodomy under Alabama Code § 13A-6-63.  (*See* Doc. # 1.)  He was convicted in March 2022 after a jury trial in the Circuit Court of Houston County, Alabama, on charges for raping and sodomizing his then-ten-year-old stepdaughter in July 2012 and received a concurrent, life sentence for each conviction.  In his § 2254 petition, Petitioner alleges that his trial attorney provided constitutionally ineffective assistance by failing to properly investigate the facts and present a viable alibi defense at trial.  (Docs. # 1, 12.)  In March 2026, Respondent Vencini Smith

answered the petition, arguing for the denial of the § 2254 petition and submitting Exhibits A–J.  (Doc. # 9.)

Based upon a review of the § 2254 record and pursuant to Rule 7(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*, Respondent is DIRECTED to file no later than **May 28, 2026**, and serve Petitioner with:

(a)  A complete copy of the state-court trial record,[1] with a descriptive index identifying each item; and

(b)  Copies of the portions of the state-trial and direct-appeal records relied upon by the Alabama Court of Criminal Appeals in its Memorandum Decision, dated March 21, 2025 (Doc. # 9-3), with a descriptive index identifying each item.

It is further ORDERED that on or before **June 11, 2026**, Petitioner may either "admit or deny the correctness" of,[2] or otherwise respond to, Respondent's filings as directed in this Order.  Failure to respond by the deadline will be considered an admission of the correctness of Respondent's filings.

DONE this 14th day of May, 2026.



/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] Respondent "does have the trial record of Rhodes's original trial available" (Doc. # 9 at n.1), yet Respondent did not file it.  The state court trial record is relevant for resolving Petitioner's § 2254 petition.

[2] *See* Rule 7(c), *Rules Governing Section 2254 Cases in the United States District Court*.